Wendy J. Harrison (014461)
Ty D. Frankel (027179)
**LAW OFFICES OF BONNETT,**
**FAIRBOURN, FRIEDMAN & BALINT, P.C.**
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Tel: (602) 274-1100
Fax: (602) 274-1199
wharrison@bffb.com
tfrankel@bffb.com

David E. Bower *(To be admitted pro hac vice)*
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Tel: (424) 256-2884
Fax: (424) 256-2885
dbower@faruqilaw.com

**FARUQI & FARUQI, LLP**
Gerald D. Wells, III *(To be admitted pro hac vice)*
Robert J. Gray *(To be admitted pro hac vice)*
101 Greenwood Avenue, Suite 600
Jenkintown, Pennsylvania 19046
Tel: (215) 277-5770
Fax: (215) 277-5771
jwells@faruqilaw.com
rgray@faruqilaw.com

**FARUQI & FARUQI, LLP**
Adam Gonnelli *(To be admitted pro hac vice)*
369 Lexington Avenue, 10th Floor
New York, New York 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
agonnelli@faruqilaw.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| SUSAN WEISS, Individually and On Behalf of all Others Similarly Situated,<br><br>                    Plaintiff,<br>          v.<br><br>SOUTHWESTERN FURNITURE OF WISCONSIN, LLC d/b/a ASHLEY FURNITURE HOMESTORE, and DOES 1 through 10,<br><br>                    Defendants. | **CASE NO.:**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1.  **Fair Labor Standards Act – Overtime Wages;**<br>2.  **Arizona Wage Statute**<br><br><br>    **DEMAND FOR JURY TRIAL** |

Plaintiff SUSAN WEISS ("Plaintiff" or "Weiss") brings this Class/Collective Action individually and on behalf of all similarly situated employees, against Defendant Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture Homestore ("Southwestern Furniture") and Doe Defendants 1-10 (collectively "Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") and applicable Arizona wage and hour laws including, but not limited to,  Arizona Revised Statute § 23-351.

## INTRODUCTION

1.      This is class and collective action brought on behalf of all current and former sales employees employed by Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture Homestore in its retail store locations ("Salespersons").

2.      As explained herein, under applicable employment laws, unless an employee is determined to be exempt, all employees are entitled to overtime compensation for all hours worked in excess of forty (40) in a given workweek.   However, Salespersons employed by Defendant regularly worked in excess of forty hours per week, without receiving premium overtime compensation as required by applicable employment laws.

3.      Defendant's Salespersons are paid on a draw against commission basis. Defendant's Salespersons do not receive any premium overtime compensation, despite regularly working in excess of forty hours in a workweek.

4.      Plaintiff brings this action as a collective action to recover unpaid wages, including unpaid overtime compensation, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act") on behalf of a class of current and former Salespersons employed by Defendant in its retail stores.

5.      Plaintiff further brings this action as on behalf of a class of current and former Salespersons employed by Defendant within the State of Arizona to recover unpaid wages pursuant to the Arizona Wage Statute.

/ / /

/ / /

# SUMMARY OF CLAIMS

6.     Plaintiff brings this collective action under the FLSA on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All current and former Salespersons employed by Defendant within the three years preceding the filing of this action who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Class").

7.     In addition, Plaintiff also brings this action as a state-wide class action pursuant to Fed. R. Civ. P. 23 to recover unpaid wages on behalf of herself and a class of similarly situated persons composed of:

> All current and former Salespersons employed by Defendant in the State of Arizona during the statutory period covered by this Complaint (the "AZ Class").

8.     Plaintiff alleges on behalf of the FLSA Class who elect to opt-in to this action that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; (ii) entitled to liquidated damages in an amount equal to their unpaid overtime wages; and (iii) entitled to reasonable attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

9.     Plaintiff further alleges on behalf of the AZ Class that pursuant to the AWS, they and the class they seek to represent are entitled to: (i) timely payment of unpaid wages; (ii) treble damages in an amount equal to their unpaid wages; and (iii) payment of attorneys' fees and litigation costs.

10.     The FLSA Class and the AZ Class are collectively referred to herein as the "Classes."

11.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants.  In engaging in the alleged conduct herein,

defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.   Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each of the defendants.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

13.    Further, this Court has supplemental jurisdiction over Plaintiff's AWS claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

15.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

16.    Plaintiff Susan Weiss was, at all times mentioned herein, an adult individual residing in the County of Maricopa, State of Arizona.  Plaintiff was a Salesperson employed by Southwestern Furniture from on or about October 2011 through on or about September 2012 in Defendant's Mesa, Arizona store.

17.    Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).   Plaintiff's consent to sue form is attached hereto as Exhibit A.

18.    Defendant Southwestern Furniture operates a retail sales business under the trade name Ashley Furniture.  Upon information and belief, Defendant is a licensee for Ashley Furniture Industries, operating Ashley Furniture Homestores in Arizona, California, Nevada, and Utah.  Upon information and belief, Defendant's office address is 6910 W. Bell Road, Glendale, AZ 85308.

19.    Upon information and belief, Defendant employs in excess of fifty Salespersons in the State of Arizona at any one time during the relevant class period. Further, Defendant employs, upon information and belief, over a hundred of Salespersons in locations throughout the United States.

## FACTUAL ALLEGATIONS

20.    The crux of wage laws is that all employees are entitled to be timely paid all wages for all hours worked, including premium overtime compensation.

21.    Contrary to these basic protections, Plaintiff and the members of the Classes were not lawfully paid premium overtime compensation for all hours they worked in excess of forty per workweek.

22.    Plaintiff Weiss and the members of the Classes have been employed, or are currently employed, as Salespersons for Defendant who were, or are currently, paid on a draw against commission salary plan.

23.    In its draw against commission salary plan, Defendant sets a projected sales goal to meet each pay period, which is the benchmark used to determine what commissions a Salesperson can earn.  In other words, a Salesperson has to meet his or her sales goals to earn any commissions.   The business of sales is unpredictable, and as such each Salesperson's salary is determined by meeting these oftentimes arbitrary and unrealistic sales goals.

24.    The draw against commission salary plan is designed so that each Salesperson is paid a set amount of money ("draw") each pay period.  At the end of the pay period the draw is deducted from the Salesperson's sales commissions (if any) and returned to the company.  For example, if the Salesperson's draw is based upon $400.00 per week then his or her pay based upon commissioned sales must total enough to equal his or her draw, which in this example would be a minimum of $1,600.00 in a four-week month to cover his or her draw.  However, if the Salesperson's commissions are less than $1,600.00 then the remaining draw amount will start to accrue as a debt owed to the company that must be paid as soon as the commissions exceed the draw.  Conversely, if the Salesperson's commissions

1    exceed $1,600.00 that month, then the employee would receive the commissions earned
2    over the draw.  Consequently, to avoid accumulating significant debt with Defendant, each
3    Salesperson must meet or exceed their projected sales goals.

4         25.    Defendant's draw against commission plan was purportedly designed in such
5    a way that Plaintiff and Salespersons would receive a regular rate of pay of approximately
6    $11.49 per hour from their draw if they did not earn sufficient commissions during that pay
7    period, based upon the amount of hours Salespersons were allowed to record in Defendant's
8    time-keeping system.  In calculating the regular rate of pay, Defendant did not account for
9    the uncompensated meal breaks of Salespersons or for all time worked off the clock,
10   including but not limited to, tasks completed by Salespersons before the store opened for
11   business each day prior to clocking into Defendant's time-keeping system, and tasks
12   performed after the store closed when Salespersons were clocked out of Defendant's time-
13   keeping system (collectively, "Unaccounted Work Time").

14        26.    The competitive nature and uncertainty of which customers will purchase
15   merchandise from a Salesperson, as well as how much each customer will spend, fosters a
16   hyper-competitive work environment that encourages Salespersons to forego eating and
17   taking meal periods in order to garner every sales opportunity while the store is open for
18   business.

19        27.    During the course of employment with Defendant, Plaintiff and Class
20   Members would regularly work without taking any meal breaks.  Indeed, Salespersons,
21   including Plaintiff, were prohibited from leaving the store premises, whether clocked in or
22   not, and had to be available to assist with customers during the course of their shift
23   including during their uncompensated meal time.  Further, Salespersons often met with
24   customers after hours, or after the Salesperson had clocked out for the day, to help facilitate
25   a sale, close out a customer's order, and/or await a customer's credit approval.

26        28.    Despite the requirement to remain on store's premises and be continually
27   available to assist with customers, Defendant made Salespersons deduct time from their
28   timesheets every workday even if they did not take a meal break.  Further, Defendant knew

Salespersons were not taking their rest periods and meal breaks but were required to "clock out" for a minimum of one hour per day.  Moreover, Defendant expected Plaintiff and Class Members not to take these breaks.

29.   In each instance Plaintiff's and Class Members' time records reflected time off for meal breaks even though they remained on the sales floor.  At some point in 2012 Plaintiff and Class Members were told by Defendant to alter their time records and "clock out" for a minimum of one (1) hour for lunch each workday, even though they did not take the time away from the sales floor.

30.   Requiring employees to clock out, irrespective of whether they actually took a meal break, was one of Defendant's declared policies and employees were subject to discipline of they did not comply.  Often, due to the nature of the sales industry, employees ended up "clocked out" for more than an hour each day.  Indeed, Plaintiff was often clocked out and working for 7 hours or more in an average 5 day work week.

31.   On occasion, Salespersons would "clock out" to indicate that they had begun their lunch break and forget to clock back in or simply be unable to do so without potentially losing a sale by leaving a customer.  Consequently, Salespersons would routinely clock back in well past the one hour minimum requirement.  In such instances, Plaintiff's manager would advise Plaintiff and other Salespersons that it was too late and that they could not record their time for the day – effectively working off-the-clock for the second half of the day.

32.   Further, Salespersons were not allowed to leave the work premises during the workday, even during the time they deducted for lunch from their time records.  Defendant's store managers would regularly monitor Salespersons to ensure that they were within the store premises – and generally on the sales floor.  Also, Defendant condoned Plaintiff and Class Members working on the sales floor during their lunch hour.

33.   Due to the nature of the job responsibilities and requirements of Defendant's Salespersons, Plaintiff and Class Members were during the course of their employment, and

1    continue to be, required to work without taking any rest periods, and were not informed they

2    should or could take rest breaks.

3         34.    Due to the nature of the job responsibilities and requirements of Defendant's

4    Salespersons, Plaintiff and members of the Classes were, and continue to be, required to

5    work more than forty hours a week during the course of their employment with Defendant.

6         35.    The Unaccounted Work Time performed by Plaintiff and the other

7    Salespersons was done in plain sight and, consequently, well within Defendant's purview.

8         36.    Unless proven to be exempt from the protection of overtime laws, all

9    employees are entitled to premium overtime pay for work in excess of forty hours per week.

10        37.    Upon information and belief, Defendant maintained uniform employment

11   policies and guidelines regarding its employment of Salespersons, including but not limited

12   to its classification of Salespersons as exempt from overtime compensation.

13        38.    Although the FLSA provides for certain exemptions to the mandates of paying

14   overtime compensation, no exemption applies in the instant matter.

15        39.    Salespersons do not fall under the executive exemption, because, *inter alia*,

16   they are not primarily engaged in the management of Defendant's business operations.

17   Also, Salespersons do not customarily or regularly direct the work of at least two (2) or

18   more employees, or have the authority to hire and fire employees.  Salespersons also do not

19   customarily and regularly exercise discretion and independent judgment.

20        40.    Plaintiff and the members of the Classes do not qualify for the professional

21   exemption set forth in the FLSA because, *inter alia*, Salespersons do not perform work that

22   requires them to possess knowledge of an advanced type in a field of science or learning.

23        41.    Plaintiff and the members of the Classes are not administratively exempt

24   because, *inter alia*, they do not perform office or non-manual work directly related to the

25   management policies or general business operations of Defendant or its customers.

26   Importantly, Salespersons also do not customarily and regularly exercise discretion and

27   independent judgment.

28   / / /

42.     Plaintiff and the members of the Classes do not qualify for the outside sales exemption because they were not customarily and regularly engaged away for their place of business.

43.     Finally, due to the foregoing Unaccounted Work Time, Salespersons (including Plaintiff) do not qualify for the FLSA exemption for commissioned sales employees of retail and service establishments ("Retail Sales Exemption").  To qualify for the Retail Sales Exemption, an employee needs to receive a regular rate of pay that is in excess of one and one-half times the applicable minimum wage.  Specifically, Salespersons would need to earn compensation that equals or exceeds $10.88 per hour worked.

44.     Due to Defendant's practices whereby Salespersons regularly work through unpaid meal breaks and worked off the clock, including before and after store operating hours, Plaintiff and the members of the Classes did not earn compensation in excess of one and one-half times the applicable minimum wage for each hour worked.  Plaintiff would regularly work over seven (7) hours a week that Defendant did not factor into Plaintiff's regular rate.  When this off the clock time is added back, Plaintiff's regular rate of pay falls below $10.88 per hour.

45.     Accordingly, Plaintiff and the members of the Classes do not fall within any exemption from the overtime provisions to the FLSA.

46.     As such, Salespersons, including Plaintiff and members of the Classes, have been wrongfully classified by Defendant, and are not exempt from the requirement of premium overtime pay.

47.     In violation of the FLSA, Plaintiff and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the forty hour workweek.

48.     Including the Unaccounted Work Time, Plaintiff and the members of the Classes regularly worked between 45 and 50 hours a week and often in excess of 50 hours a week.

/ / /

49.     Plaintiff alleges on behalf of herself and members of the Classes that Defendant's failure to pay overtime was knowing and willful.

50.     Defendant willfully failed to pay Plaintiff and the members of the Classes all amounts due and owing under applicable wage and hours laws, including premium overtime compensation.

51.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and the members of the Classes, as well as applicable compensation rates, is in the possession of Defendant.  If these records are unavailable, Plaintiff and members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

52.     Each of the foregoing acts is in contravention of the FLSA and AWS.

## <u>COLLECTIVE /CLASS ACTION ALLEGATIONS</u>

53.     Plaintiff brings this action on behalf of the FLSA Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b).

54.     Plaintiff also brings this action on behalf of the AZ Class as a class action for claims under the AWS pursuant to the Federal Rules of Civil Procedure 23.

55.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the AWS may be pursued by all similarly-situated persons who choose not to opt-out of the AZ Class, pursuant to the Federal Rules of Civil Procedure 23.

56.      Upon information and belief, the members of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over fifty individuals in each of the Classes.

/ / /

/ / /

57.     Defendant has acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

58.     The claims of Plaintiff are typical of the claims of the Classes she seeks to represent.  Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same compensation policies and practices, including not being compensated for all hours worked.

59.      There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to each member of the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

            a.      Whether Salespersons were properly classified by Defendant as exempt from overtime compensation;

            b.      Whether Plaintiff and members of the Classes were expected to, and/or did as a matter of corporate policy and practice, regularly work hours in excess of forty per week;

            c.      Whether Plaintiff and members of the Classes were expected to, and/or did regularly perform work on behalf of Defendant during their meal breaks;

            d.      Whether Plaintiff and the members of the Classes are entitled to statutory overtime wages;

            e.      The manner in which Plaintiff and members of the Classes were compensated; and

            f.      Whether Plaintiff and the Classes have sustained damages and, if so, what is the proper measure of damages.

60.     Plaintiff will fairly and adequately protect the interests of the Classes as her interests are in alignment with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes she seeks to represent, and has retained competent and experienced counsel.

61.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

62.     Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

63.     Defendant has engaged in a continuing violation of the FLSA and AWS.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT - OVERTIME WAGES

64.     Plaintiff realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

65.     At all relevant times Defendant has had gross revenues in excess of $500,000.

66.     At all relevant times Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67.     At all relevant times Defendant employed, and/or continues to employ, Plaintiff and the other Salespersons in the FLSA Class within the meaning of the FLSA.

68.     At all relevant times, Defendant had a willful policy and practice of requiring Salespersons to work through their meal breaks and not including that time in calculating their regular rate.

69.     At all relevant times, Defendant did not pay Plaintiff and the members of the FLSA Class overtime compensation for all hours worked in excess of forty hours per workweek in violation of the FLSA.

70.     Defendant's failure to pay Plaintiff and all other members of the FLSA Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty hour work week, is a violation of 29

1   U.S.C. §§ 207.

2        71.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

3   within the meaning of 29 U.S.C. § 255(a).

4        72.    Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the

5   members of the FLSA Class, are entitled to recover from Defendant: (i)  their unpaid

6   overtime compensation; (ii) an additional equal amount as liquidated damages; and (iii)

7   reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §

8   216(b).

9

**SECOND CLAIM FOR RELIEF**
**ARIZONA REVISED STATUTE**

10        73.    Plaintiff realleges and incorporates by reference the paragraphs above as if

11   they were set forth again herein.

12        74.    At all relevant times, Plaintiff was employed by Defendant within the meaning

13   of the Arizona Revised Statutes (ARS).

14        75.    Defendant willfully violated the ARS by failing to timely pay overtime

15   pursuant to ARS 23-351.

16        76.    Defendant was required pursuant to ARS 23-351 to pay Plaintiff and the

17   members of the AZ Class all wages due, including overtime compensation, at the end of

18   every pay period.

19        77.    Defendant willfully failed to timely pay overtime wages due to Plaintiff and

20   the members of the AZ Class at the end of each regular pay period.

21        78.    Accordingly, Plaintiff and the members of the AZ Class are entitled to back

22   pay of overtime wages due and owing and treble damages pursuant to ARS 23-355.

23

**PRAYER FOR RELIEF**

24      **WHEREFORE**, Plaintiff, individually and/or on behalf of the Classes, respectfully

25   request that this Court grant the following relief:

26        A.    Designation of this action as a collective action and authorization of prompt

27   issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the

28   FLSA Class, apprising them of the pendency of this action, and permitting them to assert

1  timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29
2  U.S.C. §216(b);

3      B.      Certification of this action as a class action pursuant to Rule 23 and
4  authorization of notice to the AZ Class;

5      C.      An Order appointing Plaintiff as Class Representatives to represent the
6  members of the Classes;

7      D.      An Order appointing Plaintiff's Counsel as Counsel of Record for the Classes;

8      E.      A declaratory judgment that the practices complained of herein are
9  unlawful under the FLSA and ARS;

10     F.      An injunction against Defendant and its officers, agents, successors,
11 employees, representatives and any and all persons acting in concert with it, as provided by
12 law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

13     G.      An award of unpaid wages to Plaintiff and the members of the Classes;

14     H.      An award of unpaid overtime compensation to Plaintiff and the members of
15 the Classes;

16     I.      An award of liquidated damages to Plaintiff and the FLSA Class as a result of
17 Defendant's willful failure to pay appropriate wages;

18     J.      An award of treble damages to Plaintiff and the members of the AZ Class
19 pursuant to the ARS;

20     K.      An award of prejudgment and post-judgment interest to Plaintiff and the
21 members of  the Classes;

22     L.      An award of costs and expenses of this action together with reasonable
23 attorneys' fees to Plaintiff and the members of the Classes; and

24     M.      Such other and further relief as this Court deems just and proper.

25                        **DEMAND FOR JURYTRIAL**

26     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a
27 trial by jury on all issues so triable.

28

1   Dated:   February 21, 2013                    Respectfully submitted,

2

3                                                 By:   s/ Ty D. Frankel

4                                                 Wendy J. Harrison (014461)
                                                  Ty D. Frankel (027179)
5                                                 **LAW OFFICES OF BONNETT,**
                                                  **FAIRBOURN, FRIEDMAN &**
6                                                 **BALINT, P.C.**
                                                  2325 E. Camelback Road, Suite 300
7                                                 Phoenix, Arizona 85016
                                                  Tel: (602) 274-1100
                                                  Fax: (602) 274-1199
8                                                 wharrison@bffb.com
                                                  tfrankel@bffb.com
9
                                                  David E. Bower
10                                                *(To be admitted pro hac vice)*
                                                  **FARUQI & FARUQI, LLP**
11                                                10866 Wilshire Boulevard, Suite 1470
                                                  Los Angeles, California 90024
12                                                Tel: (424) 256-2884
                                                  Fax: (424) 256-2885
13                                                dbower@faruqilaw.com

14                                                Gerald D. Wells, III
                                                  *(To be admitted pro hac vice)*
15                                                Robert J. Gray
                                                  *(To be admitted pro hac vice)*
16                                                **FARUQI & FARUQI, LLP**
                                                  101 Greenwood Avenue, Suite 600
17                                                Jenkintown, PA 19046
                                                  Tel: (215) 277-5770
18                                                Fax: (215) 277-5771
                                                  jwells@faruqilaw.com
19                                                rgray@faruqilaw.com

20                                                Adam Gonnelli
                                                  *(To be admitted pro hac vice)*
21                                                **FARUQI & FARUQI, LLP**
                                                  369 Lexington Avenue, 10th Floor
22                                                New York, New York 10017
                                                  Tel: (212) 983-9330
23                                                Fax: (212) 983-9331
                                                  agonnelli@faruqilaw.com
24
                                                  *Attorneys for Plaintiff and the Proposed*
25                                                *Class*

26

27

28